**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IN RE: | Case No. 24-42952 |
| VISALUS, INC. | Chapter 11 |
| Debtor. | |

## ViSALUS, INC.'S BRIEF IN SUPPORT OF PLAN CONFIRMATION
### (Second Amended Plan)

Debtor and Debtor in Possession ViSalus, Inc. (the "Debtor" or "ViSalus") files this in support of confirmation of its Second Amended Plan (the "Plan"). The Plan resolves the claims against the estate in a manner that is appropriate under the Bankruptcy Code, potentially pays creditors substantially more than they would receive in a chapter 7 liquidation, and is feasible and confirmable.

### JURISDICTION & VENUE

This court has jurisdiction over the Debtor's bankruptcy case under 28 U.S.C.§157(a). Venue of the case is appropriate in the Eastern District of Texas under 28 U.S.C. § 1408. Confirmation is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L).

### PLAN SUMMARY

The Plan proposes to transfer 25% of the equity in the reorganized debtor to a Post-Effective Date Trust ("PEDT") along with any causes of action the Debtor may have, including avoidance and fraudulent transfer claims.  The Debtor does not project that it will have any disposable

1

income in the three years after the Effective Date and, therefore, the Plan does not provide for specific plan payments.

## THE PLAN MEETS THE CONTENT REQUIREMENTS OF A SUBCHAPTER V PLAN

A plan filed under subchapter V:

(1) shall include —

(A) a brief history of the business operations of the debtor;

(B) a liquidation analysis; and

(C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization;

(2) shall provide for the submission of all or such portion of the future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan.

11 U.S.C. § 1190(1)-(2).

The Debtor's Plan complies with § 1190 because it contains a brief history of the Debtor's business operations, key events transpired during this case, and a liquidation analysis. Projections regarding the Debtor's ability to make the payments projected under the Plan are not included because the Plan does not provide for specific plan payments.

## THE ELEMENTS NECESSARY FOR PLAN CONFIRMATION ARE PRESENT
### Standard For Confirmation

A subchapter V plan can be confirmed on a non-consensual basis under § 1191(b) so long as the plan does not discriminate unfairly as to classes of creditors and interests that did not accept the plan.

2

## The Plan Complies with All the Provisions of §§ 1129(a) and 1191

### § 1129(a)(1)

Section 1129(a)(1) of the Bankruptcy Code provides that a court may confirm a plan of reorganization only if "the plan complies with the applicable provisions of this title." The phrase "applicable provisions" has been interpreted to mean §§ 1122 and 1123, which govern the classification of claims and interests and the contents of a plan of reorganization. *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 648-49 (2d Cir.1988); 5 Collier on Bankruptcy ¶ 1129.02 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). As explained below, the Plan complies with both sections.

### *§ 1122: Classification of Claims and Interests*

Section 1122(a) provides:

> Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interest of such class.

Courts interpret the phrase "substantially similar" to mean that the claims share "common priority and rights." *Phoenix Mutual Life Ins. Co. v. Greystone III Joint Venture* (*In re Greystone III Joint Venture*), 995 F.2d 1274, 1278 (5th Cir. 1992).

Here, the Plan contains two classes of creditors and interest holders: Class 1 is comprised of all allowed general unsecured claims, and Class 2 consists of all the Debtor's interest holders. This classification scheme is straightforward and rational in that each class is comprised of substantially similar claims that cannot be grouped in any other class. The Plan therefore satisfies § 1122.

### § 1123: Contents of The Plan
### § 1123(a): Mandatory Plan Provisions

The Plan complies with the seven mandatory provisions of § 1123(a):

### § 1123(a)(1): Designation of Classes

Section 1123(a)(1) requires that a plan "designate, subject to section 1122 of this title, classes of claims, other than claims of a kind specified in section 507(a)(2) [administrative expense claims], 507(a)(3) [claims arising during the "gap" period in an involuntary case], or 507(a)(8) [priority tax claims], and classes of interests". The Plan satisfies this requirement. All classes of claims designated in the Plan are claims other than those specified in Sections 507(a)(2), 507(a)(3), and 507(a)(8).

### § 1123(a)(2): Unimpaired Classes

Section 1123(a)(2) requires that a plan "specify any class of claims or interests that is not impaired under the plan." 11 U.S.C. § 1123(a)(2). Section 1124(1) provides that "a class of claims or interests is impaired under a plan unless . . . the plan leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest." The Plan complies with this requirement.

### § 1123(a)(3): Treatment of Impaired Classes

Section 1123(a)(3) requires that a plan "specify the treatment of any class of claims or interests that is impaired under the plan." The Plan complies with this requirement.

### § 1123(a)(4): Same Treatment for Each Claim/Interest in a Particular Class

Section 1123(a)(4) requires that a plan provide "the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such

4

particular claim or interest." The Plan provides equality of treatment for each claim or interest within each class.

*§ 1123(a)(5): Adequate Means of Implementation*

Section 1123(a)(5) requires that a plan "provide adequate means for the plan's implementation[.]" The Code sets forth a non-exhaustive list of potential means. Here, the Plan provides for implementation through the PEDT.

*§ 1123(a)(6): Issuance of Nonvoting Securities*

Section 1123(a)(6) requires the "inclusion in the charter of the debtor, if the debtor is a corporation . . . of any provision prohibiting the issuance of nonvoting equity securities" and other similar or related provisions. The Plan complies with this requirement.

*§ 1123(a)(7): The Interests of Creditors, Equity Holders, and Public Policy*

Section 1123(a)(7) states that a plan shall "contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to such officer, director or trustee." The Plan provides that "[t]he tenure of each officer and director of the Debtor will be governed by the terms of the existing Articles of Incorporation and Bylaws except as specified in the Stock Purchase and Chapter 11 Plan Support Agreement, as the same may be amended from time to time in accordance with the Plan and applicable state law" and accordingly complies with this requirement.

*§ 1123(a)(8) is Inapplicable*

Section 1123(a)(8) does not apply to a case filed under subchapter V of the Bankruptcy Code. *See* 11 U.S.C. §1181(a).

## § 1129(a)(2): The Debtor Has Complied with the Applicable Provisions of the Bankruptcy Code

Section 1129(a)(2) requires "the proponent of a plan [to] compl[y] with the applicable provisions of this title." 11 U.S.C. § 1129(a)(2). In a traditional chapter 11 reorganization case, the inquiry under this section is whether the plan proponent has complied with the disclosure and solicitation requirements of § 1125. *See In re PWS Holding Corp.*, 228 F.3d 224, 248 (3d Cir. 2000); *In re Brotby*, 303 B.R. 177, 192-93 (B.A.P. 9th Cir. 2003).

However, § 1181(b) eliminates the requirement of a disclosure statement unless ordered by the Court, which is not the case here. Instead, the Plan itself must include disclosures including, "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization . . ." *See* 11 U.S.C. § 1190(1). The Debtor has complied with these requirements.

## § 1129(a)(3): The Plan is Proposed in Good Faith

Section 1129(a)(3) requires that a plan be "proposed in good faith and not by any means forbidden by law."

Here, the Debtor has proposed the Plan in good faith and in a manner consistent with the objective and purpose of the Code. Outside of bankruptcy, given its potential $925 million liability to the *Wakefield* class, the Debtor cannot obtain investment and cannot monetize its intellectual property and tax assets.  The Plan provides the only mechanism for distributions to creditors beyond what they would receive in a hypothetical chapter 7 liquidation.

### § 1129(a)(4): Payments Are Subject to Court Approval

Section 1129(a)(4) requires that, "[a]ny payment made or to be made by the proponent . . . for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable."

The Plan satisfies this requirement in that all professionals rendering pre-confirmation services will receive compensation under the Plan only with prior court approval. This procedure for review and approval by the Court of administrative expense claims, including the professional fees and expenses to be paid under the Plan, satisfies the requirement of § 1129(a)(4). *See In re Sound Radio, Inc*., 93 B.R. 849, 854 (Bankr. D. N.J. 1988); *Texaco Inc*., 84 B.R. at 908; *In re Future Energy Corp*., 83 B.R. 470, 488 (Bankr. S.D. Ohio 1988).

The professionals involved in this case will file appropriate final fee applications which will be heard at a final fee hearing. Unless otherwise permitted by the Plan or Court order, the Debtor shall only pay the fees and expenses of professionals employed in this case, as approved by the Court. Therefore, the provisions of section 1129(a)(4) are satisfied.

### § 1129(a)(5): Debtor's Post-Confirmation Management

Section 1129(a)(5) requires the following:

(A)(i) The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor . . .; and

(ii) the appointment to, or continuance in, such office of such individual, is consistent with the interests of

creditors and equity security holders and with public policy; and

(B) the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

11 U.S.C. § 1129(a)(5). This section augments § 1123(a)(7). The Debtor will make the appropriate disclosures in advance of the Plan confirmation hearing.

### § 1129(a)(6) is Not Applicable

Section 1129(a)(6) requires the approval of any "rate changes" provided under the plan from a governmental regulatory commission with jurisdiction over rates of a debtor. This section does not apply to the Debtor.

### § 1129(a)(7): Best Interests of Creditors

Section 1129(a)(7) requires the following:

With respect to each impaired class of claims or interests-

(A) each holder of a claim or interest of such class-

(i) has accepted the plan; or

(ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date[.]

11 U.S.C. § 1129(a)(7).

This section – referred to as the "best interests of creditors" test – focuses on individual dissenting creditors rather than on classes of claims or interests. *Bank of America Nat'l Trust & Savings Ass'n v. 203 N. LaSalle St. Partnership*, 526 U.S. 434, 442 n.13, 119 S. Ct. 1411, 143L. Ed. 2d 607 (1999). Under the best interest of creditors test, with respect to classes impaired under the plan, creditors who do not accept a plan are to receive at least as much under the plan as they would receive under a chapter 7 liquidation. Here, all members of impaired classes will receive as much under the Plan then they would under a chapter 7 liquidation.

In a chapter 7 case, the debtor's assets are usually sold by a chapter 7 trustee. Under the Code, secured creditors are paid first, followed by administrative claims. Unsecured creditors are paid from remaining sales proceeds, according to their rights to priority under the Code. Unsecured creditors with the same priority share in proportion to the amount of their allowed claim in relationship to the amount of total allowed unsecured claims. Finally, equity interest holders, according to their rights of priority, receive the balance that remains after all creditors are paid in full, if any.

Here, the Debtor's most potentially valuable assets (Liv IP and NOLs) have no value in chapter 7.  Accordingly, the only assets that might be liquidated are avoidance and fraudulent transfer claims.  The Debtor believes these are worthless, but to the extent they have any value, the PEDT Trustee will pursue them and monetize them.  The PEDT Trustee will collect and distribute as much or more than a chapter 7 trustee would.  Accordingly, the Plan complies with § 1129(a)(7).

### § 1129(a)(9): Payment of Administrative and Other Priority Claims

Section 1129(a)(9) states the rules applicable to payment of unsecured claims entitled to priority in chapter 11 cases. It requires that persons holding allowed claims entitled to priority under § 507(a) receive certain specified treatment. The Plan satisfies the applicable provisions of this section.

Subparagraph (A) addresses the treatment of administrative expenses entitled to priority under §§ 507(a)(2) or 507(a)(3).  It provides that, "on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim," unless "the holder of [such] particular claim has agreed to a different treatment of such claim." 11 U.S.C. § 1129(a)(9)(A). The Plan satisfies this provision.

### § 1129(a)(11): The Plan is Feasible

Section 1129(a)(11) requires the plan proponent to establish that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor . . . ." 11 U.S.C. § 1129(a)(11). This requirement is satisfied by a showing that the reorganized debtor has a "reasonable probability" of satisfying its obligations under a plan. *In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986).  Here, the Plan essentially converts into a liquidating plan if the Debtor cannot monetize the Liv IP and its NOLs, and a liquidating plan satisfies this requirement.

### § 1129(a)(12): Payment of Statutory Fees

Section 1129(a)(12) requires that "[a]ll fees payable under § 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such

fees on the effective date of the plan." All fees and costs will be paid on or before the Effective Date.

### § 1129(a)(13): Continuation of Retiree Benefits

Section 1129(a)(13) requires a plan to "provide[ ] for the continuation after its effective date of payment of all retiree benefits, as that term is defined in section 1114 . . . ." 11 U.S.C. § 1129(a)(13). This section does not apply to the Debtor.

### § 1129(a)(14) - (16) Are Not Applicable

Sections 1129(a)(14) through (16) apply to either individuals (§ 1129(a)(14), do not apply in Subchapter V cases (§ 1129(a)(15)) or apply only to non-profit entities (§ 1129(a)(16). Thus, these sections do not apply to this case.

### The Plan Complies with Section 1191(b)

With respect to a plan under Subchapter V, the court may confirm a plan under Section 1191(b) if:

(1) all of the requirements for confirmation in § 1129(a) are met except the requirements that all creditors accept the plan ((a)(8)), that at least one impaired class accept the plan ((a)(10)), and that an individual debtor commit projected disposable income ((a)(15));

(2) the plan does not discriminate unfairly; and

(3) the plan is "fair and equitable."

Section 1191(c) states a "rule of construction" for determining whether the plan is fair and equitable. The rule:

(1) imposes a requirement that the debtor (whether an entity or an individual) use all of the debtor's projected disposable income for a three-

11

year period, or such longer period not to exceed five years as the court may fix, to make payments under the plan;

(2) requires a finding that the debtor will be able to make all payments under the plan or that there is a reasonable likelihood that the debtor will be able to make them; and

(3) requires the inclusion of "appropriate remedies" in the plan in the event of default, including the liquidation of nonexempt assets.

There is no absolute priority rule.

Here, the Plan complies with these requirements.

CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter an order: (1) granting the Motion; (2) confirming the Plan pursuant to 11 U.S.C. §§ 1129 and 1191; (3) granting the Debtor a discharge; (4) setting a post-confirmation status conference; and (5) granting such other and further relief as may be just and appropriate under the circumstances of the case.

Dated: July 8, 2025                          Respectfully submitted,

                                             */s/ Christopher E. Prince*
                                             Christopher E. Prince (CA SBN 183553)
                                             LESNICK PRINCE PAPPAS & ALVERSON LLP
                                             315 W. Ninth St., Suite 705
                                             Los Angeles, CA 90015
                                             T: (213) 493-6496
                                             F: (213) 493-6596
                                             E: cprince@lesnickprince.com

                                             *Counsel for Debtor and Debtor in Possession ViSalus, Inc.*

12

-and-

Jeff Carruth (TX SBN 24001846)
CONDIN TOBIN SLADEK SPARKS
NERENBERG PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231
T: 214.265.3800
E: jcarruth@condontobin.com

*Local Counsel for Debtor and Debtor in
Possession ViSalus, Inc.*